## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **MICHAEL C. GRAYSON,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 1:24-cv-01077-STA-jay** |
| ) | |
| **EQUIFAX CREDIT INFORMATION** ) | |
| **SERVICES, INC.,** ) | |
| **et al.,** ) | |
| ) | |
|    **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Michael C. Grayson's lawsuit against Defendants Equifax Credit Information Services, Inc. ("Equifax"), Seyfarth Shaw LLP ("Seyfarth"), Adam T. Hill, Eric Barton, Alex Meier, United States Magistrate Judge Lois Bloom, and United States District Court Judge Diane Gujarati for statements the Defendants made in court filings in the United States District Court, the Eastern District of New York. (Docket Entry ["D.E."] 1-1.) Plaintiff alleges that the Defendants made statements on the record which constitute "libel per se," "negligent and intentional infliction of emotional distress per se," and "defamation of character per se." (*Id.*) All Defendants have filed motions to dismiss. (D.E. 7; D.E. 8.) For the following reasons, the undersigned **RECOMMENDS GRANTING** the United States' Motion to Dismiss without prejudice and **GRANTING** the Equifax Defendants' Motion to Dismiss with prejudice.

1

**I.**

On February 22, 2024, Plaintiff brought this suit against the Defendants in Tennessee state court for (1) libel, (2) defamation, and (3) negligent and intentional infliction of emotional distress. (D.E. 1; D.E. 1-1.)  On April 3, 2024, the Defendants jointly consented to removal of the action to this Court under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).  (D.E. 1; D.E. 1-2.)  As this case concerns another federal action brought by Plaintiff in another district court, the undersigned finds it necessary to first summarize the factual components of the Complaint that occurred in the out-of-district action before turning to the procedural history in this case.

A.  Factual Background

The alleged tortious actions occurred in the course of litigation between the Plaintiff and Equifax in the United States District Court, Eastern District of New York (herein, the "E.D.N.Y. Action").  Specifically, all Defendants in this case allegedly "published" in the "public court forum" tortious statements through filings or court orders in the E.D.N.Y Action.  (D.E. 1-1 at 5); *see generally Grayson v. Equifax Credit Information Services, et al.*, No. 2:18-cv-06977-DG-LB (E.D.N.Y.) (dismissed with prejudice on Feb. 10, 2025, appeal pending).[1]  In the E.D.N.Y. action, Equifax was represented by Seyfarth, including Attorneys Hill, Meier, and Barton.  (D.E. 1-1 at 5; D.E. 8 at 2, PageID 68.)  Judges Bloom and Gujarati oversaw the proceedings. *See generally Grayson*, No. 2:18-cv-06977-DG-LB.

As to Equifax, Seyfarth, Attorney Hill, Attorney Barton, and Attorney Meier, (collectively "Equifax Defendants"), Plaintiff bases his Complaint on the following statements made by the Equifax Defendants in court filings "on or about" December 15, 2023, and February 14, 2024:

---

[1] *Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008) ("A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion.") (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

2

a)  Grayson is preying on desperate consumers through his sham non-profit

b)  Grayson is abusing the legal system

c)  Grayson published unredacted Social Security Numbers and addresses of his clients/victims

d)  He is a serial litigant using this lawsuit to fundraise for his business and to mislead desperate people that he has the magic "algorithm" that will help them restore their credit—for payment, of course.

e)  Through that process, he is asking people to provide him with highly sensitive information that he has shown absolutely zero willingness or ability to protect.

f)  Plaintiff Michael Grayson has filed yet another frivolous motion accusing Equifax's counsel of committing fraud, forging documents, and perjury. The motion is baseless.

g)  Grayson included two untimely "expert" reports and repeats the same tired and baseless attacks on Equifax and its counsel

h)  Grayson has repeatedly flouted this Court's orders and failed to comply with Court-ordered deadlines,

i)  Grayson appears to have ulterior motives for this litigation. Grayson seems to be using this lawsuit as an advertising tool and means to fundraise for his business.

j)  Grayson apparently shows the same cavalier disregard for the personal information of the desperate people he misled as he does for his own information.

k)  His website includes pictures that contain full and completely unredacted Social Security Numbers and addresses of his clients/victims.

l)  This motion is simply the latest in a series of incoherent motions with baseless accusations against Equifax and its counsel.

m)  He is engaging in barratry and the unauthorized practice of law; Grayson has perjured himself.

(D.E. 1-1 at 5); (D.E. 8-2 (minor differences with Complaint)); *Grayson*, No. 2:18-cv-06977-DG-LB (Electronic Court Filings ("ECF") 183; 190) (minor differences with Complaint).

As to Judge Bloom, Plaintiff bases his Complaint on the following statements made "[o]n or about December 15, 2023"[2] in the E.D.N.Y Action:

a) The Court also warned Grayson that his "motion for sanctions, provides no basis for his assertion that defendant "attempt[s] to commit fraud upon the courts" by "fabricat[ing] evidence."

b) The Court reminded Grayson that he "cannot engage in frivolous motion practice to impede speedy resolution of his case and is warned that if he continues 'to litigate this case and present arguments that the Court . . . unambiguously rejected,' the Court may impose sanctions against him."

c) Dr. Grayson is hereby warned that if he fails to appear as directed on January 9, 2024, the Court may impose sanctions. Under [Rule 16(f)], if a party fails to appear for a Court-ordered conference, sanctions may be imposed, including that this case be dismissed pursuant to [Rules 16(f) and 37(b)(2)(C)].

d) [B]y filing lengthy and confusing papers in this case and engaging in protracted satellite litigation seeking wide-ranging, extraordinary and, at times, bizarre relief, plaintiff has obfuscated the issues and impeded the speedy resolution of what the court generally considers to be a serious claim . . . .

(D.E. 1-1 at 14 (internal citations omitted) (cleaned up)). Plaintiff's claim against Judge Gujarati is based upon the following statement made "[o]n or about" September 29, 2023: "reducing thousands of pages of [Plaintiff]'s haphazard and unintelligible filings." (D.E. 1-1 at 14–15.)

In his Complaint, Plaintiff itemizes responses to each of the above-mentioned statements, providing his analysis of why each statement is either false or misleading. (*Id.* at 6–13.) Plaintiff recounts his professional accolades which allegedly refute the statements made by the Defendants in the E.D.N.Y. Action. (*Id.* at 6–9.) Plaintiff interprets Defendants' collective statements to be "racist," "ludicrous," "inflammatory," and "biased." (*Id.* at 6–12.) He alleges that the statements

---

[2] These statements appear to come from a December 19, 2023, order denying a motion for sanctions filed by Plaintiff. *Grayson*, No. 2:18-cv-06977-DG-LB (order published on December 19, 2023). There are minor, insignificant differences between the quotation provided above in Plaintiff's Complaint and the order as it appears on the ECF system.

4

are evidence of a conspiracy, (*Id.* at 6, 9–12), coercive (*Id.* at 9–11), and in clear violation of the Attorneys' code of ethics and the Judges' code of conduct.  (*Id.* at 6, 10, 12–13.)

Citing the above-mentioned statements, Plaintiff demands damages "in an amount to be determined at [t]rial but not less than $50 million," an award of attorney's fees and costs, a public retraction of the allegedly defamatory and libelous statements, preliminary and permanent injunction to prevent further "defamatory remarks," and further relief that this Court deems just and proper.  (*Id.* at 26.)

B.  Procedural Background & Arguments Presented

Plaintiff's Complaint was originally filed in the Circuit Court of Hardeman County, Tennessee for the Twenty-Fifth Judicial District at Bolivar.  (D.E. 1-1.)  The United States filed a notice of removal, substituting itself as the Defendant for Judges Bloom and Gujarati under 28 U.S.C. § 1442(a)(1).  (D.E. 1.)  Certifications of Scope of Employment were also provided.  (D.E. 1-2.)  The United States then filed a motion to dismiss for failure to exhaust administrative remedies.  (D.E. 7.)  The Equifax Defendants jointly filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (D.E. 8.)  Plaintiff filed a response to both motions to dismiss following a show cause order.  (D.E. 9; D.E. 10.)  The United States and the Equifax Defendants each filed a reply.  (D.E. 11; D.E. 12)

The United States offers that Judges Bloom and Gujarati are being sued in their official capacity as federal officers for actions taken "within the scope of their employment."  28 U.S.C. § 2679(d)(2).  Under 28 U.S.C. § 2679(b), the exclusive remedy for a negligent or wrongful act of a United States' employee acting within the scope of their employment is a claim under the Federal Tort Claims Act ("FTCA").  28 U.S.C. §§ 1346(b); 2671–2680.  Considering these statutory guideposts, the United States moves to dismiss because Plaintiff failed to "(1) give written notice

of a claim sufficient to enable the agency to investigate the claim and (2) place a value (or 'sum certain') on the claim." (D.E. 7 at 3 (citing *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994)). Here, the United States observes that Plaintiff did not first file a valid administrative notice of claim with the appropriate federal agency, the Administrative Office of the Courts, so his claim is barred under the FTCA. (*Id.* at 3–4 (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)).

In response, Plaintiff accuses Judges Bloom and Gujarati of using "a legal maneuver to not be held accountable for their actions." (D.E. 10 at 2.) Plaintiff attempts to shift the burden of demonstrating that he failed to exhaust his administrative remedies on the United States. (*Id.* at 2–3.) Furthermore, Plaintiff argues that "the judges have submitted no evidence that" the statements that form the basis of his suit, were made "within the scope of their role as Judges." (*Id.* at 3–4.) As such, Plaintiff claims the United States cannot be substituted as the Defendant for Judges Bloom and Gujarati. (*Id.* at 2–4.) Plaintiff failed to directly refute the allegation that he failed to exhaust administrative remedies. (*See id.* at 1–4.)

The United States filed a reply, arguing that Plaintiff misconstrued the burden of proof for removal and substitution under § 1442 and § 2679. (D.E. 11 at 1–2.) Specifically, the United States points out that the Sixth Circuit requires that the Plaintiff "'must provide evidence that demonstrates that the [Judges were] not acting in the scope of employment.'" (*Id.* at 3 (quoting *Singleton v. United States*, 277 F.3d 864, 870–71 (6th Cir. 2002)). The United States further argues that Plaintiff failed to provide any evidence or cognizable argument that the statements made by the Judges fell outside the scope of their employment. (*Id.* at 4–7.) The United States proffers that "Judges grant and deny motion" and "[t]his decision making is the essence of their judicial function. Plaintiff may disagree with the Judges' wording, but his characterization of the Judges'

6

orders does not matter to the Court's consideration" of whether substitution was appropriate under § 2679. (*Id.* at 6–7 (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143–44 (6th Cir. 1996)).

The Equifax Defendants' motion to dismiss contends that the statements made in the E.D.N.Y. Action are absolutely privileged and cannot be the basis for defamation, libel, or slander.[3] (D.E. 8.) The Equifax Defendants claim that the statements fall under the litigation privilege, which disallows lawsuits based on statements made in the course of a judicial proceeding which are pertinent or relevant to the issues of the judicial proceeding. (D.E. 8-1 at 7–8.) In response, the Plaintiff claims that this argument is "lackadaisical" and that his claim must move forward, as it satisfies the notice-pleading standard. (D.E. 10 at 4–6.) The Equifax Defendants argue that the notice-pleading standard is an abandoned standard and there is still no legitimate basis for the lawsuit to stand based on the Plaintiff's allegations of wrongdoings. (D.E. 12 at 2–3.)

## II.

"In determining whether a complaint fails to state a claim, the court must construe the complaint in the light most favorable to the plaintiff[.]" *Payne v. Sec'y of Treasury*, 73 Fed. App'x 836, 837 (6th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[3] The Equifax Defendants also request that this Court issue an order requiring Plaintiff "to show cause why he should not be declared a vexatious litigant." (D.E. 8 at 2.) The undersigned recommends that the Court does not issue a show cause order on this issue at this time. This case can be differentiated from the cases provided by the Equifax Defendants, which purportedly address his allegations that Credit Reporting Agencies are attempting to destroy his credit. (*Id.*) The Federal Rules of Civil Procedure only allow "appropriate sanction[s]" which are "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c). The Equifax Defendants may be frustrated with Plaintiff's multiple lawsuits, but the undersigned does not believe that Plaintiff's conduct in this case has risen to a level where being labelled a vexatious litigant would be an "appropriate sanction."

R. Civ. P. 8(a)(2).  It need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it must assert "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Following *Twombly* and *Iqbal*, it is well settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face[.]"  *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (emphasis added).  A claim is *plausible* when the alleged fact "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

*Pro se* complaints must also meet this plausibility standard. They are "not exempt from the Federal Rules of Civil Procedure."  *Selmon-Austin v. Wells Fargo Bank*, No. 2:21-cv-02724, 2022 WL 18141470, at *1 (W.D. Tenn. Sep. 7, 2022) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Although "*pro se* complaints are held to less stringent standards" and "should be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), courts do not "abrogate [the] basic pleading essentials in *pro se* suits."  *Wells*, 891 F.2d at 594.  If essential elements are missing, dismissal is warranted as a matter of law.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (explaining that the "purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.").

### III.

At the outset, the undersigned holds no opinion on the truthfulness or veracity of the allegedly tortious statements made by the Defendants in the E.D.N.Y. Action.  Similarly, the undersigned holds no opinion on the truthfulness or veracity of Plaintiff's rebuttals to those statements.  However, Plaintiff's claims fail, even when accepting his Complaint as true, because

the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Ultimately, dismissal hinges only on the narrow issues of (1) exhaustion of administrative remedies and (2) suits based on privileged communications.

To summarize the following analysis, the United States, as substitute Defendant for Judges Bloom and Gujarati, has demonstrated that Plaintiff failed to exhaust his administrative remedies before filing this suit, which is construed as a suit under the Federal Tort Claims Act ("FTCA"). As such, this Court cannot exercise jurisdiction until Plaintiff first seeks the administrative remedies available to him.   *Glarner*, 30 F.3d at 700.  As to the Equifax Defendants, the Plaintiff, by his own filings in the E.D.N.Y. Action, made the credibility of the parties a relevant and pertinent issue in the proceedings.  The Equifax Defendants' allegedly tortious statements in the E.D.N.Y. Action were clearly related to the credibility issue and were made in the course of judicial proceedings.  *See Solomon v. Larivey*, 853 N.Y.S. 770, 771 (App. Div. 2008).  These comments, regardless of their truthfulness, are absolutely privileged and cannot be the basis for the tort claims Plaintiff brings.  *See Id.*

A.  The United States, as Substitute Defendant for Judges Bloom and Gujarati

The United States has been properly substituted as Defendant for Judges Bloom and Gujarati.  Under 28 U.S.C. § 2679(d), the United States may substitute a "defendant employee" that was acting "within the scope of his office or employment at the time of the incident of which the claim arose."  After the United States provides certification of employment, as was provided in this case, the burden to show that an employee acted outside the scope of their employment first falls upon a Plaintiff before shifting to the United States.  *RMI*, 78 F.3d at 1143 ("[t]he Attorney General's certification provides *prima facie* evidence that the employee was acting within the scope of employment."); *Singleton*, 277 F.3d 864, 870–871 ("to contest the propriety of

9

substitution, the plaintiff must produce evidence that demonstrates that the employee was not acting in the scope of employment.")

Here, Plaintiff's claim arises out of statements made by Judges Bloom and Gujarati in orders dated December 19, 2023, and September 29, 2023. *See Grayson*, No. 2:18-cv-06977-DG-LB. These claims primarily concern the Judges' attempts to warn the Plaintiff that his filings may lead to sanctions under Rules 16(f) and 37(b). *Id.* Plaintiff has failed to provide any sufficient evidence as to why the Judges' orders exceeded the scope of their employment, as he is required to under Sixth Circuit precedence. Plaintiff's only evidence is the "docket evidence," which purportedly supports his argument that substitution is improper. (D.E. 10 at 3.) Plaintiff concludes "the judges' role as administering the case in the Eastern District of NY precludes them from making any statements of merit for or against the Plaintiff, Dr. Michael C. Grayson[,] in their capacity as judges."[4] (D.E. 1-1 at 4.)

The Federal Rules of Civil Procedure clearly allow judges to issue orders and warn parties when their conduct approaches on sanctionable conduct. In fact, many Circuits *encourage* judges to provide warnings prior to issuing sanctions. *Doe v. Lexington-Fayette Urban Co. Gov.*, 407 F.3d 755, 766 (6th Cir. 2005) (requiring courts to consider "whether the party was warned that failure to cooperate could lead to [a] sanction" before issuing a 37(b) sanction); *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, *so long as a warning has been given* that noncompliance can result in dismissal." (emphasis added)). The "docket

---

[4] If this was an accurate statement of the law, then a judge could never issue judgment as a matter of law, a judge could not hold a bench trial, nor could a judge issue sanctions for a violation of Rule 11(b). Fed. R. Civ. P. 11(c); *see also* Fed. R. Civ. P. 39(b), 50(a). Under the Federal Rules of Civil Procedure, a judge may do all these things, making Plaintiff's argument a clearly incorrect recitation of law.

evidence" which the Plaintiff cites to clearly indicates that Judges Bloom and Gujarati acted within the scope of their office by issuing orders that contain statements warning him of potential violations of the Federal Rules of Civil Procedure.  *See generally Grayson*, No. 2:18-cv-06977-DG-LB (where several motion orders and show cause orders provided warning to the Plaintiff that his conduct may fail to abide by Federal Rules and court orders.)  Thus, the substitution of the United States as Defendant for Judges Bloom and Gujarati is permissible.

Next, the Court turns to the application of the FTCA, as the Plaintiff's claims are construed as tort claims against the United States vis-a-vis Judges Bloom and Gujarati acting within the scope of their office.  28 U.S.C. § 2679(b)(1).  The United States waives sovereign immunity in suits for tort actions under the FTCA.  28 U.S.C. § 2674.  However, sovereign immunity is only waived if "the claimant shall have first presented the claim to the appropriate Federal agency[.]"  28 U.S.C. § 2675(a); *see* 28 C.F.R. § 14.2(a).  A plaintiff carries the burden in proving that he exhausted his administrative remedies.  *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002).  Here, the Plaintiff properly recited this rule in his response to the motion to dismiss, but he failed to plead or provide any evidence that he first presented his claim to the appropriate federal agency, the Administrative Office of the Courts.  (*See* D.E. 10 at 2–4).  Thus, the undersigned is forced to make a finding that Plaintiff did not exhaust his administrative remedies, and thus his suit against the United States is barred.

For the above stated reasons, it is **RECOMMENDED** that the United States' Motion to Dismiss be **GRANTED WITHOUT PREJUDICE**.

B.  Equifax Defendants

Considering the dismissal of the United States, this Court was admittedly suspect of whether personal jurisdiction remained as to the Equifax Defendants, notably, Seyfarth and

Attorneys Hill, Meier, and Barton.  However, the Federal Rules of Civil Procedure imply that the filing of a 12(b)(6) motion implicitly waives personal jurisdiction.  Fed. R. Civ. P. 12(g)–(h)(1)(A); *Brunson v. Capital CMG, Inc.*, No. 3:20-cv-01056, 2021 WL 3081327, at *1–2 (M.D. Tenn. July 21, 2021) (citing *Gerber v. Riodan*, 649 F.3d 514, 518–519 (6th Cir. 2011)); *Boulger v. Woods*, 306 F. Supp. 3d 985, 996 (S.D. Ohio 2018) ("Parties that choose to litigate a case actively on the merits might surrender the right to object to the lack of personal jurisdiction."); *see also Cunningham v. Watts Guerra, LLP*, SA-22-CV-OLG (HJB), 2024 WL 3100773, at *6 (W.D. Tex. May 23, 2024) ("If a party wishes to contest personal jurisdiction, that must be 'his first defensive move.'" (citation omitted)); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391, at 855 (1969) ("Ever since the 1966 amendment to Rule 12(h), it has been settled that any time a defendant makes a pre-answer Rule 12 motion, he or she must include—on penalty of waiver—the defenses set forth in subdivisions (2) through (5) of Rule 12(b).")  By filing a 12(b)(6) motion, the Equifax Defendants have elected to litigate on the merits in their first move, thus waiving any objection to personal jurisdiction.

Because the Equifax Defendants waived personal jurisdiction, the Court interprets the suit against the Equifax Defendants to be pursuant to diversity of citizenship under 28 U.S.C. § 1332. In a diversity suit, federal courts apply the choice-of-law rules of the forum state, in this case, Tennessee.  *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  In tort actions, Tennessee utilizes the "most significant relationship" approach, which provides: "[i]n an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship." *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992).  In making a determination the court may consider

12

"(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.*

Here, New York state law clearly applies to the litigation privilege raised by the Equifax Defendants. Plaintiff does not specify where exactly he suffered his injuries, but Plaintiff does allege that his reputation as "the world's leading credit expert" was harmed by the Equifax Defendants' statements. Assuming arguendo that Plaintiff is the "world's leading credit expert," then the injury would essentially be worldwide, making the forum inconsequential. As to the second factor, it is clear that "the place where the conduct causing the injury occurred" was New York because the allegedly tortious statements were made in "the public court forum" of the Eastern District of New York. Domicile, residence, nationality, and place of incorporation have essentially no bearing on the litigation, which centers on court records exclusively filed in New York. Lastly, the relationship between Plaintiff and the Equifax Defendants is almost exclusively restricted to the E.D.N.Y Action or other litigation brought in New York forum courts. Thus, New York clearly has the most significant relationship to this litigation, and so New York substantive law will control the applicability of the litigation privilege.[5] *See Johansen v. Presley*, 977 F. Supp. 2d 871, 881–883 (W.D. Tenn. 2013) (analyzing litigation privilege under the substantive law of California for a defamation and libel claim.)

---

[5] Even if the Court were to apply Tennessee substantive law on litigation privilege, the result would be the same. In *Jones v. Trice*, the Tennessee Supreme Court held "that statements made in the course of a judicial proceeding, if pertinent or relevant, are absolutely privileged, and this is true regardless of whether they are malicious, false, known to be false, or against a stranger to the proceeding." 360 S.W.2d 48, 54 (Tenn. 1962). In defamation cases, relevant "mean reasonably related to the judicial proceedings." *Id.*

13

Under New York law, litigation privilege is broad and protects statements as "absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the litigation." *Solomon v. Larivey*, 853 N.Y.S.2d 770, 771 (App. Div. 2008) (internal quotations omitted).  The United States District Court, Eastern District of New York, noted that "[t]he privilege attaches to every step of the judicial proceeding, not just the hearing or trial phase. Furthermore, the privilege attaches to witnesses as well as judges, parties, and attorneys." *D'Annunzio v. Ayken, Inc.* 876 F. Supp. 2d 211, 217 (E.D.N.Y. 2012.)  The court also expressed "surprise at the depth of the privilege," which encompasses "even demonstrably false statement[s] . . . so long as it is made in a judicial proceeding." *Grezak v. Grezak*, No. 12 CV 4520(RJD)(CLP), 2014 WL 4966140, at *8 (E.D.N.Y. Sept. 30, 2014.)

Simply put, Plaintiff has failed to present a plausible claim because the litigation privilege does not allow the Court to draw a reasonable inference that the Equifax Defendants are liable for libel, defamation, or infliction of emotional distress.  The Equifax Defendants made the alleged tortious statements in two filings in the E.D.N.Y. Action, specifically, in two responses to Plaintiff's motions.  (D.E. 8-1 at 4–5, 6 (citing *Grayson*, No. 2:18-cv-06977-DG-LB, at ECFs 181, 183, 188, 190)).   In both of Plaintiff's motions, he attacked the credibility of the Equifax Defendants and accused them of having committed fraud upon the court via fabrication of evidence.  *Grayson*, No. 2:18-cv-06977-DG-LB, ECF 181 at 3–4, 13, 18–27; ECF 188.   In response, the Equifax Defendants attacked the credibility of the Plaintiff and accused him of engaging in frivolous litigation for an ulterior purpose.[6]  *Id.* ECF 190; (D.E. 8-2).  These "tit-for-tat" credibility attacks by party opponents are not uncommon in heated litigation, and, as

---

[6] As previously stated, the undersigned holds no opinion on the truthfulness, or lack thereof, of these exchanged credibility attacks and declines to engage in factual and legal analysis outside the scope of the motions to dismiss before the Court.

14

demonstrated by the E.D.N.Y. Action record, both parties used this strategy multiple times. *See generally Grayson*, No. 2:18-cv-06977-DG-LB, at ECFs 181, 183, 188, 190, 191, 193, 204, 207, 213, 223-1, 232.

After careful review of the parties' filings and greater record in the E.D.N.Y. Action, the alleged tortious statements were clearly made in the course of judicial proceedings. Both parties, through their E.D.N.Y. filings, traded barbs over party credibility and made it an issue "material and pertinent to the litigation." *Solomon*, 853 N.Y.S. at 771. Thus, the Equifax Defendants' statements regarding credibility were unequivocally made during a judicial proceeding. *Id.* "[N]otwithstanding the motive with which they are made," these allegedly tortious statements are absolutely privileged. *Id.* It is further recommended that this Court not delve into the specifics of Plaintiff's claim against the Equifax Defendant, as the statements at issue are objectively covered by the litigation privilege.[7] Allowing this case to proceed on the merits could have a chilling effect on the state of New York's interest "to encourage parties [], as well as counsel and witnesses, to speak freely in the course of judicial proceedings." *Martirano v. Frost*, 255 N.E.2d 693, 695 (N.Y. 1969).

In summary, there is no basis for which the undersigned can find that the Equifax Defendants are liable for libel, defamation, or infliction of emotional distress because the alleged tortious conduct was absolutely privileged under New York law. It is **RECOMMENDED** that the Equifax Defendants' Motion to Dismiss be **GRANTED WITH PREJUDICE**.

---

[7] Plaintiff failed to address the litigation privilege substantively, instead arguing that the Equifax Defendants' reliance on the litigation privilege is lackadaisical. (D.E. 10 at 4.) Plaintiff's sole legal rebuttal is that his Complaint satisfies the "notice pleading" standard, which is irrelevant to this analysis because that standard was abandoned following *Twombly* and *Iqbal*. *Figueroa v. Portage Cnty., Ohio*, No. 20-4111, 2021 WL 4860154, at *2 (6th Cir. Oct. 19, 2021).

15

### IV.

For the reasons provided, it is **RECOMMENDED** that Plaintiff Michael C. Grayson's claims against the Equifax Defendants be **DISMISSED WITH PREJUDICE**. It is also **RECOMMENDED** that Plaintiff Michael C. Grayson's claims against the United States be **DISMISSED WITHOUT PREJUDICE**.

Respectfully submitted, this, the 24th day of February 2025.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. *SEE* 28 U.S.C. § 636(b)(1); LOCAL RULE 72.1(g)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**